OPINION
On March 9, 1987, appellee, David J. Miller, pleaded guilty to complicity to commit felonious assault, in violation of R.C.2903.11(A)(1) and 2923.03(A)(2), and complicity to commit abduction, in violation of R.C. 2903.02(A)(2) and 2923.03(A)(2). The Ashtabula County Court of Common Pleas sentenced appellee to an indefinite term of seven to fifteen years of incarceration on the complicity to commit felonious assault charge, and an indefinite term of three to ten years on the complicity to commit abduction charge, the sentences to be served consecutively.
In May 1997, appellant, the State of Ohio, sought to have appellee adjudicated as a sexual predator pursuant to Ohio's version of Megan's Law, recently amended R.C. Chapter 2950. In a judgment entry filed on February 10, 1998, the trial court dismissed the sexual predator proceedings, holding that the sexual predator aspects of amended R.C. Chapter 2950 are unconstitutional. Appellant timely appealed, asserting that the trial court erred by holding the sexual predator aspects of the statute to be unconstitutional.
Based on the precedent established by the majority of this court in State v. Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported, although this writer interposed a dissent to the majority's mandate there that R.C. Chapter 2950 was constitutionally void as applied to sexual predators under Section1, Article I of the Ohio Constitution, it is clear that the decision in the Williams case controls the outcome here. Hence, I defer to the present controlling authority in this appellate district on the issues raised in this appeal.
Accordingly, the judgment of the trial court is affirmed.
 _______________________________________ PRESIDING JUDGE DONALD R. FORD
NADER, J.,
O'NEILL, J., concur.